

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN 11, TEXAS**

**PRICE DANIEL**
ATTORNEY GENERAL

July 26, 1947

Hon. John Steele
County Attorney
Lubbock County
Lubbock, Texas

Opinion No. V-318

Re: Applicability to homesteads
of the five cent state ad va-
lorem tax provided by pro-
posed Constitutional Amend-
ment.

Dear Sir:

In your letter of July 7, 1947, you requested a ruling from this Department as to "whether or not the five cent tax provided in the State Constitutional amendment providing for a college building plan, which will be submitted to the people in August, will be applicable to homesteads."

Sections 17 and 18 will be added to Article VII of the Constitution of the State of Texas if the proposed amendment is adopted. Section 17 levies a maximum state ad valorem tax of Two (2¢) Cents on the One Hundred ($100) Dollars valuation for the purpose of creating a special fund for the payment of Confederate and other pensions. This levy is in lieu of and for the same purposes as the maximum rate of Seven (7¢) Cents presently levied by Section 51 of Article III, as amended. In addition Section 17 levies a state ad valorem tax of Five (5¢) Cents on the One Hundred ($100) Dollars valuation and further provides for a reduction of the maximum state tax on property from the Thirty-five (35¢) Cents on the One Hundred ($100) Dollars valuation now permitted by Article VIII, Section 9, to Thirty (30¢) Cents on the One Hundred ($100) Dollars valuation. The Five (5¢) Cent levy is for the purpose of creating a special fund for the purpose of acquiring, constructing, and initially equipping buildings or other permanent improvements at designated state institutions of higher learning.

Article XVI, Section 50 of the Constitution of the State of Texas reads, in part, as follows:

"The homestead of a family shall be, and is here-by protected from forced sale, for the payment of all debts except . . . the taxes due thereon. . . ." (Emphasis added throughout this opinion)

The first clause of Article VIII, Section 1-a of the Constitution of the State of Texas reads as follows:

"Three Thousand Dollars ($3,000) of the assessed taxable value of all residence homesteads as now defined by law shall be exempt from all taxation for all State purposes; . . ."

As a result of these provisions it is well settled in Texas that the homestead is exempt from all taxation for all state purposes in the amount of Three Thousand ($3,000) Dollars of its assessed taxable value and is subject to taxation for all state purposes only in so far as its assessed taxable value exceeds Three Thousand ($3,000) Dollars.

The Five (5¢) Cents tax levied by the proposed amendment is a state ad valorem tax levied for enumerated educational purposes. At every stage in our history the people of Texas have considered educational problems and provided for educational facilities. In the early days of the Republic, President Lamar's famous message urged the granting of lands "to provide for literary institutions commensurate with our destinies" and in now familiar sentences annunciated the fundamental proposition that "a cultivated mind is the guardian genius of Democracy, and when guided and controlled by virtue, the noblest attribute of man. It is the only dictator that free men acknowledge, and the only security free men desire." Every State Constitution since 1845 has carried the provision that "a general diffusion of knowledge /is/ . . . essential to the preservation of the liberties and rights of the people . . ." That the Five (5¢) Cent ad valorem tax proposed to be levied by Section 17 is a tax levied for a state purpose is too clear to require discussion.

Therefore, in effect, your question is reduced to whether an adoption of Sections 17 and 18 could in any way affect or repeal the constitutional exemption for homesteads which, by virtue of Article VIII, Section 1-a, exists for Three Thousand ($3,000) Dollars of the homestead's assessed taxable value.

It is a fundamental rule that in arriving at the correct meaning of a constitutional provision, the whole instrument must be considered; and one part will not be allowed to defeat another if, by any reasonable construction, the two can be made to stand together. 1 Cooley, Constitutional Limitations, (8th Ed.) pp. 128, 129, and authorities cited therein; 9 Tex. Jur., pp. 436, 437, and authorities cited therein. Another phase of the same rule is that repeal of prior provisions may not be accomplished by implication unless the later provision clearly conflicts with the prior provision.

We are of the opinion that no such conflict exists between the provisions of the proposed amendment and the present provisions of the Constitution which relate to the homestead exemption

from taxation.

The various exemptions from taxation have long been carried in separate Articles of the Constitution. See for example, in addition to the homestead exemption, the exemption provided for household goods in Article VIII, Section 1; the exemption for public property granted by Article XI, Section 9; and the exemptions for farm products and supplies contained in Article VIII, Section 19. Likewise, by Article VIII, Section 2, the Legislature is empowered to exempt from taxation by general laws certain enumerated classes of property. These provisions of the Constitution are special provisions; and, so far as we have been able to ascertain, it has never been contended that a general provision operating to levy a general ad valorem tax on property in any way affects previously granted exemptions from taxation.

Such a contention is clearly at variance with the general rule before stated to the effect that the provisions of the Constitution must be construed in relation to each other and would result in imposing upon the framers of a constitutional amendment the prodigious task of incorporating in the amendment all existing and related provisions of the Constitution or, in the alternative, risk their repeal.

You are therefore advised that the state ad valorem tax on property of Five (5¢) Cents on the One Hundred ($100) Dollars valuation provided by Section 17 of the proposed Constitutional amendment is a tax for state purposes and that the first Three Thousand ($3,000) Dollars of the assessed taxable value of a residence homestead will be exempt from such tax.

## SUMMARY

The first Three Thousand ($3,000.00) Dollars of the assessed taxable value of a residence homestead is exempt from the State ad valorem tax on property of Five (5¢) Cents on the One Hundred ($100) Dollars valuation provided in the proposed amendment to Article VII of the Constitution of the State of Texas. Art. VIII, Sec. 1-a and Art. XVI, Sec. 50, Constitution of Texas.

Yours very truly

APPROVED:                              ATTORNEY GENERAL OF TEXAS

*Price Daniel*
ATTORNEY GENERAL                       By *Marietta Creel*
                                       Mrs. Marietta Creel
MC/lh/sl                               Assistant